IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Case No. 3:20-CR-00527 |
| | ) | |
| Plaintiff, | ) | Judge James G. Carr |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Otis Oliver, | ) | |
| | ) | |
| Defendant. | ) | |

Pending is the *pro se* defendant/inmate's motion for an extension of time within which to file a notice of appeal. (Doc. 27). This motion comes after the Sixth Circuit remanded his original but untimely notice of appeal to determine if the defendant can show good cause and/or excusable neglect for his untimely filing of the original notice. See Order, *U.S. v. Oliver,* No. 22-3048 (6th Cir. October 18, 2022. (Doc. 29).

The government opposes the defendant' request for an extension of time within which to file his notice of appeal. (Doc. 28). It acknowledges that the defendant filed his original notice of appeal within the thirty-day grace period of Fed. R. App. P. 4(b)(4). But, the government contends that his explanation for being untimely in the first instance – the delay in receiving my order denying his motion for compassionate release; the time taken to obtain the funds to pay the filing fee; and limited access to the prison library due to Covid-19 - do not qualify as "good cause" or "excusable neglect."

The government also notes a discrepancy in the defendant's account of when he obtained my dismissal order and prison records.

I conclude that the defendant has shown that circumstances beyond his control affected his ability to file a timely notice and that he acted with a reasonable degree of promptness to prepare and send his notice. Thus, he comes within the standards of good cause/excusable neglect Rule 4(b)(4).

First, he is a prison inmate, unlearned in the law and lacking experience with the legal/appellate system and its requirements. These circumstances impair his ability to meet the extremely short period within which an appellant must file a notice of appeal. Moreover, he did not have an attorney representing him when I denied his pro se motion for compassionate

release. No guiding hand of counsel was at his side to point out what he needed to do, how to do it, and why it had to be done within such a short timeframe.

Under these circumstances, he did as well as one can expect. This is particularly so in light of the additional limitations Covid-19 imposed on his access to the prison library.

In addition, he alleges a discrepancy between when he put his notice in the prison mailbox and when it was postmarked. The government does not, however, otherwise dispute his account in that regard.

The government, moreover, does not – and cannot – contend that the ultimate delay in getting this case before the Court of Appeals has, or prospectively can cause it any potential prejudice. Thus, on balance, I find, all things considered, that I should allow the defendant to proceed with his appeal.

I do not, and certainly do not intend to carve out a *pro se*/inmate exception to the fourteen-day filing requirement. However, fourteen days is a very short timeframe for even a lawyer-represented litigant. In addition, prison inmates do not receive instantaneous email notice when a judge has reached an adverse decision. They rely on the sometimes unfortunately unreliable Postal Service and prison authorities for timely receipt of incoming mail and prompt delivery of outbound mail.

I note, as well, that the Supreme Court commands us to take a liberal view of pleading requirements regarding pro se complaints. *See, e.g. Hanes v. Kerner,* 404 U.S. 519 (1972). I believe courts should do likewise when determining whether to allow a prisoner to benefit from the thirty-day grace period of Fed. R. App. Rule 4(b)(4).

And, in any event, the thirty-day grace period is, itself, not all that long. But it makes it possible for a diligent inmate, no matter how constrained by his circumstances, to take the simple step of letting the appellate court know – merely by filing a notice of appeal – that he is exercising his appellate rights.

It is, accordingly,

ORDERED THAT:

1.The defendant's motion to file a delayed appeal (Doc. 27) be, and the same hereby is granted;

2. The defendant shall file his Notice of Appeal immediately upon receipt of this Order; failing doing so, he may lose forever his right to appeal this Court's prior order denying his motion for compassionate release.

Finally, I recommend that the Clerk of the Sixth Circuit Court of Appeals waive the filing fee, in that the defendant has once already paid such fee when he filed his prior notice of appeal.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge